IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL JONES, ) | |
| Petitioner, ) | Civil Action No. 16-262 Erie |
| ) | |
| v. ) | Judge Barbara Rothstein |
| ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN MONICA RECKTENWALD, ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Jamal Jones, a federal prisoner presently incarcerated at FCI McKean, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Federal district courts have a pre-service duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief. 28 U.S.C. § 2243. See also Rule 4 of the Rules Governing Section 2254 Cases (which also applies to § 2241 cases). For the reasons set forth below, it is recommended that the Court summarily dismiss Jones's petition.

**II.    REPORT**

**A.    Background**

On June 16, 2015, Jones was sentenced in the United States District Court for the District of New Jersey at Criminal Action No. 14-cr-516. (ECF No. 1 at 1). In the petition, Jones challenges the custody classification the Bureau of Prisons (the "BOP) has assigned to him.[1] He claims that his December 24, 2013 arrest for aggravated assault "was dismissed and therefore does not fall within the

---

[1]    BOP institutions are classified into one of five security levels: Minimum, Low, Medium, High, and Administrative. The classifications are based on the level of security and staff supervision the institution is able to provide. FCI McKean is a Medium security facility.

1

language of the [BOP's] Program Statement[']s classification of History of Violence scoring."[2] (ECF No. 1 at 2). As relief, he seeks an order from this Court that directs that the BOP "have the points taken off of his custody level scoring, to allow him to take advantage of programs and facilities that would be of rehabilitation benefit to him." (ECF No. 1 at 3).

**B.     Discussion**

The petition must be summarily dismissed because Jones's claim is not cognizable in a federal habeas corpus action. A habeas corpus petition is for challenging the fact of a criminal conviction or the duration of a sentence and its function is to secure release from illegal custody. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484-87 (1973). McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), the United States Court of Appeals for the Third Circuit explained:

> The "core" habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Title 28, section 2241 of the United States Code "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). For instance, the habeas petitioner in Woodall challenged a Bureau of Prisons regulation that capped his end-of-sentence time in a halfway house at ten percent of his total sentence (there, eleven weeks); the [district

---

[2] The BOP is responsible for designating a federal inmate to a penal or correctional facility and for making any subsequent transfers. 18 U.S.C. § 3621(b).The BOP's policy and procedures for designating and transferring inmates are stated in Program Statement ("PS") 5100.08, Inmate Security Designation and Custody Classification, which is available on its website, www.bop.gov. Pursuant to PS 5100.08, an inmate's initial security level (and correlative designation to a BOP facility) is determined from information provided by the sentencing court, the U.S. Marshals, the U.S. Attorney's Office, the U.S. Probation Office, and SENTRY. (PS 5100.08, Chapt. 3, Page 1). The BOP records this information in the inmate's "Security Designation Form," a historical document created at the time the inmate initially enters the BOP system. The information on the Security Designation Form is updated annually with a "Custody Classification Form," which is prepared after each year's custody classification review is conducted in order to determine if an inmate requires reduced or increased security needs as reflected in his institutional adjustment. The determination of an inmate's security designation and custody classification requires the evaluation of several factors. The claim Jones raises in his petition challenges the numerical value that the BOP has assigned to him under the "history of violence" category.

2

> court's] judgment had specified that the petitioner would spend six months in such a facility. We observed that "[c]arrying out a sentence through detention in a [halfway house] is very different from carrying out a sentence in an ordinary penal institution," and therefore concluded that "Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer." 432 F.3d at 243. That qualitative difference was sufficient to mark Woodall's challenge as one that went to the "execution" of his sentence, and that was thus cognizable under § 2241. Id.
>
> In contrast, *"when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under § 1983 [or, for federal prisoners, Bivens] is appropriate."* Leamer, 288 F.3d at 542. That is, the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition. This is true even where the complained-of condition of confinement creates, as a secondary effect, the possibility that the plaintiff will serve a longer prison term than that to which he would otherwise have been subject. The petitioner in Leamer was a state prisoner whose behavioral problems had led to his placement on "Restricted Activities Program" status, which barred him from attending therapy sessions that were a condition precedent to his parole eligibility. We concluded that, even though a ruling in the petitioner's favor would have assisted him in obtaining parole eligibility and thus a shorter prison stint, the action was "aimed at a condition of his confinement." Id. at 543. Where the petition is couched as a challenge to the duration of a prisoner's sentence, we held, "[t]he operative test ... is not whether Learner would, if successful, be able to appear before the Parole Board. It is whether a favorable determination of Learner's challenge would necessarily imply that he would serve a shorter sentence...." Id. *Taking Woodall and Leamer together, the question to be asked is whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence*.

Id. at 935-36 (emphasis added).

Jones makes clear that he is not challenging the fact of his federal criminal conviction and, most importantly, there is no basis to conclude that if he received the habeas relief that he seeks that it would "necessarily imply" a change in the duration of his sentence. Leamer, 288 F.3d at 543; McGee, 627 F.2d at 935-36. See also Carter v. Bledsoe, 519 F.App'x 123, 124-25 (3d Cir. 2013) ("[the petitioner's] challenge to his custody classification is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment, which is the 'essence of habeas.'"). Additionally, any claim by Jones that he is challenging the "execution" of his sentence must be rejected.

3

The Third Circuit Court of Appeals has explained that the meaning of "execution of the sentence" does not encompass the circumstances presented in Jones's petition:

> We considered this issue [the meaning of "execution of the sentence"] in detail in Woodall. There, the sentencing court specifically included in its sentencing judgment a recommendation that the petitioner "spend the last six months of his sentence in a halfway house[,]" in accordance with 18 U.S.C. § 3624(c). Woodall, 432 F.3d at 238. Despite this recommendation, BOP refused to place Woodall in a [halfway house] for more than ten weeks, citing its own internal regulations. Woodall filed a habeas petition under § 2241, challenging BOP's decision to limit his placement in a [halfway house] to ten weeks.
>
> We held that Woodall's claim concerned the execution of his sentence, and was properly brought under § 2241. We defined execution as meaning "to 'put into effect' or 'carry out.'" Woodall, 432 F.3d at 243 (quoting Webster's Third New Int'l Dictionary 794 (1993)). Woodall was challenging the inconsistency between the sentencing court's recommendation and BOP's refusal to abide by that recommendation. As we noted, "[c]arrying out a sentence through detention in a [halfway house] is very different from carrying out a sentence in an ordinary penal institution." Id. Because Woodall's habeas petition claimed that BOP was not "carrying out" his sentence as directed, we held that his petition was reviewable under § 2241.
>
> Similarly, in McGee v. Martinez, 627 F.3d 933, 936-37 (3d Cir.2010), the petitioner was sentenced to 120-months imprisonment and assessed a $10,000 fine. The sentencing judgment provided that while the petitioner was in prison, "[p]ayment [of the fine] is to be made from prison earnings at a rate of $20.00 per month[.]" Id. at 934. Despite this specified rate of repayment in McGee's sentencing judgment, BOP placed McGee on an Inmate Financial Responsibility Plan ("IFRP") that required McGee to make payments at a rate of $25 per month. McGee filed a habeas petition under § 2241, challenging BOP's decision to increase the rate of repayment in his IFRP beyond the rate provided for by the sentencing court.
>
> Again, we held that McGee's claim concerned the execution of his sentence, and was properly brought under § 2241. In so holding, we emphasized the fact that McGee's petition was "at bottom, a challenge to the IFRP and its requirement that McGee pay [$25 per month] when his sentence ... requires only $20 per month[.]" Id. at 937. Indeed, we characterized McGee's petition as "argu[ing] that the payment terms imposed by [BOP] (in the IFRP) are illegal in that they conflict with the terms imposed by the sentencing court (in the judgment)." Id.
>
> The petitions in Woodall and McGee *both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment*. That is, both petitions claimed that the BOP was not properly "'put[ting] into effect' or 'carr[ying] out' the directives of the sentencing judgment. Woodall, 432 F.3d at 243; ... For that reason,

4

we held that Woodall and McGee's petitions concerned the execution of their sentences, and that § 2241 authorized a federal district court to exercise jurisdiction over both petitions.

In order to challenge the execution of his sentence under § 2241, Cardona would need to allege the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment. Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the SMU. Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241.

Cardona v. Bledsoe, 681 F.3d 533, 536-37 (3d Cir. 2012) (bracketed text in original; footnote omitted; emphasis added). Similar to the petitioner in Cardona, Jones's petition does not concern how the BOP is "carrying out" or "putting into effect" the sentence a federal district court imposed upon him. See Carter, 519 F.App'x at 124-25 ("[I]n the absence of the type of change in custody level at issue in Woodall [the petitioner's claim that his custody classification might affect his eligibility for further transfer or BOP Programs] is not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding.").

If anything, Jones is challenging in his petition "a condition of confinement such that a finding in [his] favor would not alter his sentence or undo his conviction." Leamer, 288 F.3d at 542. Accordingly, he must bring his claim in civil rights action.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be summarily dismissed.[3]

---

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, — U.S. — ,132 S.Ct. 641 (2012).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: December 16, 2016 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Barbara Rothstein
United States District Judge

Monica Recktenwald
FCI McKean
Federal Correctional Institution
P.O. Box 5000
Bradford, PA 16701

United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219